NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL D. MARTIN, SUNDER MALKANI, VINOD P. PATEL, AND OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>PUBLIC SERVICE ELECTRIC & GAS CO., INC., EMPLOYEE BENEFITS COMMITTEE OF PUBLIC SERVICE ENTERPRISE GROUP, INC., ABC CORPORATIONS 1-30 (FICTITIOUS CORPORATE DEFENDANTS)<br><br>Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 05-5801 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants Public Service Enterprise Group[1] (hereinafter "PSEG") and Employee Benefits Committee of Public Service Enterprise Group, Inc. (hereinafter "EBC") (collectively "Defendants") to dismiss Plaintiffs' complaint. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Civil Rule 7.1(i), no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion to dismiss should be granted because Plaintiffs lack standing to bring the claims asserted in the Complaint.

---

[1] Defendants assert that PSEG was improperly identified in the Complaint as Public Service Electric & Gas Co., Inc. ("PSE&G"). PSEG should have been named in the Complaint because PSEG is the parent company of, among others, PSE&G, PSE&G Power, LLC and PSE&G Services Corporation.

## I. BACKGROUND

This putative class action is brought on behalf of individuals who have performed work for Defendants in varying capacities. Specifically, Plaintiff Martin "was hired as an employee by Defendant PSE&G in the fall of 1981." Complaint, ¶ 3. Plaintiff Malkani was "hired through an outsourcing firm by Defendant PSE&G on August 21, 1989." Id. ¶ 4. Plaintiff Patel was "hired as an employee through various outsourcing firms by Defendant PSE&G from 1986 to 1999 and from February 2, 2004 through September 30, 2005." Id. ¶ 5. Plaintiffs claim they have been employed as common-law employees but Defendants have misclassified them as "independent contractors," rendering them ineligible to receive benefits. However, the Complaint states that PSEG classified all the Plaintiffs as independent contractors. Id. ¶ 21. In fact, Plaintiffs attached exhibits indicating that PSEG took the position that "Mr. Martin has never been employed by PSEG or any of its affiliates and therefore, is not entitled to benefits under any of the Company's plans. Your client has always been and continues to be employed by Butler Technologies; a company that is in no way affiliated with any of the PSEG benefit plans." Pl.'s Ex. H.

The classification of Plaintiffs as independent contractors is critical because independent contractors are excluded from eligibility under pension and other benefit plans according to the plan documents. Pursuant to the pension plan and various benefit plan documents, only "participants" are eligible to receive benefits under the plans. Such eligible employees do not include independent contractors or "leased employees." Language excluding independent contractors from eligibility is found in the Pension Plan of Public Service Enterprise Group Inc., the Thrift and Tax-Deferred Savings Plan, the Benefits 2000 Plan, the Selectline Plan, the Cash Balance Plan, and the Separation

Allowance Plan. None of the plans define "independent contractor;" however, several of the plans include a disclaimer, indicating that designations of government agencies or courts do not change the status of employee as determined by Defendants:

> regardless of whether a determination is made by the Internal Revenue Service or other governmental agency or court after the individual is engaged to perform such services that the individual is an employee of the Company or Participating Affiliate for the purposes of the Code or otherwise.

Def.'s Ex. C at 4.; see also Def.'s Exs. A at 6, B at 6, D at 6, E at 7, F at 2.

Plaintiffs assert four theories of relief, all brought pursuant to the Employee Retirement Income Security Act ("ERISA"). In Count I, Plaintiffs allege that Defendants breached their fiduciary duties by excluding Plaintiffs from the pension and employee welfare benefit plans, by failing to distribute relevant Plan documents to Plaintiffs and by making misrepresentations to Plaintiffs that they were not entitled to participate in the pension and employee welfare benefit plans. In Count II, Plaintiffs allege that Defendants are liable for losses resulting from Defendants' unlawful interference with Plaintiffs' attainment of ERISA benefits. In Count III, Plaintiffs seek retroactive pension and employee welfare benefits. In Count IV, Plaintiffs allege that Defendants failed to provide requisite ERISA disclosures. Based on these claims, Plaintiffs seek restitutionary and injunctive relief.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(6) Dismissal

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and must be viewed in the light most

favorable to the plaintiff.  See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir.1998).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

In this case, it is appropriate for this Court to consider the relevant PSEG pension plan and benefit plan documents because not only are Plaintiffs' claims based on those documents but also Plaintiffs' complaint incorporates those documents by reference.  In re Bayside Prison Litig., 190 F. Supp. 2d 755, 760 (D.N.J. 2002).

### B. Rule 12(b)(1) Challenge to Court's Subject Matter Jurisdiction

Evaluating a challenge to a plaintiff's standing "involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." Bennett v. Spear, 520 U.S. 154, 162 (1997).  See also Miller v. Rite Aid, 334 F.3d 335, 340 (3d Cir. 2003).  Additionally, in the context of ERISA cases, "[t]he requirement that the plaintiff be a plan participant is both a standing and subject matter jurisdiction requirement" Id. Challenges to a court's subject matter jurisdiction are decided pursuant to Federal Rule of Civil Procedure 12(b)(1).

In evaluating whether dismissal is appropriate pursuant to 12(b)(1), the Court is "not confined to allegations contained in the complaint, but [may] consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction." Gotha v. U.S., 115 F.3d 176, 179 (3d Cir. 1997) (citing Mortensen v. First Fed. Sav. & Loan Ass'n., 549 F.2d 884, 891-92 (3d Cir. 1977). Additionally, "no presumptive truthfulness attaches to the allegations of the plaintiff." Cohen v. Kurtzman, 45 F. Supp. 2d 423, 428 (D.N.J. 1999). Further, "once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir.) cert. denied 519 U.S. 1028 (1996).

### III.   DISCUSSION

#### A.   ERISA's Standing Requirement

Because standing is a "threshold jurisdictional issue" it is appropriate to address it first, before turning to the merits of Plaintiffs' claims. See In re RCN Litig., No. 04-5068, 2006 WL 753149, *3 n. 3 (D.N.J. Mar. 21, 2006); see also Becker v. Mack Trucks, 281 F.3d 372, 377-79 (3d Cir. 2002).

Congress created limits on who is eligible to bring claims pursuant to ERISA. Specifically, only plan participants, beneficiaries or fiduciaries have standing to bring claims under the statute. 29 U.S.C. § 1132(a)(1); 29 U.S.C. § 1132(a)(3). In this case, Plaintiffs are neither beneficiaries nor fiduciaries, and thus must qualify as plan participants in order to have standing to bring the claims at issue here. ERISA defines "participant" as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . or whose beneficiaries may be

eligible to receive any such benefit." 29 U.S.C. § 1002(7); see also Bauer v. Summit Bancorp, 325 F.3d 155, 160 (3d Cir. 2003). To qualify as plan participants, Plaintiffs must satisfy two requirements. Id. Plaintiffs must (1) be "common law employee[s]"; and (2) " 'according to the language of the plan itself, eligible to receive a benefit under the plan.' " Id. (quoting Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323-24 (1992)). See also Wolf v. Coca-Cola Co., 200 F.3d 1337, 1340 (11th Cir. 2000). "An individual who fails on either prong lacks standing to bring a claim for benefits under a plan established pursuant to ERISA." Bauer, 325 F.3d at 160 (quoting Clark v. E.I. DuPont De Nemours & Co., Inc., No. 95-2845, 105 F.3d 646, 1997 WL 6958 (4th Cir. Jan. 9, 1997) (table).

1. First *Bauer* Requirement: Common Law Employee

As to the first requirement, typically this Court would be required to resolve whether Plaintiffs are "employees," utilizing a twelve-factor test. Bauer, 325 F.3d at 160 n.11 (quoting Nationwide Mutual Ins. Co., 503 U.S. 323-24). However, in this case, "Defendants "do not contest that Plaintiffs are common-law employees under the twelve-factor test." Defs.' Br. at 17 n. 9. Nevertheless, to have standing to bring this action, Plaintiffs must be eligible to receive a benefit under the plan according to the plan documents.

2. Second *Bauer* Requirement: Eligible Under Terms of Plan

As to the second element, the Court must look to the Plan documents to determine whether Plaintiffs are "eligible to receive a benefit under the plan. Bauer, 325 F.3d at 160. The Court is "required to enforce the Plan as written unless [it] finds a provision of ERISA that contains a 'contrary directive.'" Id. (citing Bellas v. CBS, Inc., 221 F.3d 517, 522 (3d Cir. 2000), cert. denied, 531 U.S. 1104 (2001). In fact, "[u]nless a plan violates ERISA,

judicial amendments are not authorized." Bauer, 325 F.3d at 164 n.19.

In this case, the plain language of the plan documents exclude independent contractors. Plaintiffs concede that they have been classified as independent contractors. Therefore, under the plain language of the plan documents, Plaintiffs are not eligible to receive benefits as independent contractors.

However, the inquiry does not end there because if the plan documents are contradicted by an ERISA "directive" then the Court may not enforce the plan as written. Id. at 160. Here, Plaintiffs fail to point to a specific ERISA "contrary directive" that conflicts with the Plan documents. In fact, Defendants' classification of independent contractors is consistent with ERISA's broader policies. As Defendants correctly note, common law employees are regularly deemed ineligible for benefits as long as the plan calls for their inclusion. This common occurrence is not manipulation by employers of the ERISA requirements, but rather is consistent with a core predicate of ERISA: "[n]othing in ERISA requires employers to establish employee benefit plans." Bauer, 325 F.3d at 159 (citing Lockheed Corp. v. Spink, 517 U.S. 882, 887 (1996)). Thus, "numerous courts, including the Third Circuit, have found no ERISA violations where an employer's plan excluded hourly employees, temporary employees, and independent contractors." Schwartz v. Independence Blue Cross, 299 F. Supp. 2d 441, 449 (E.D. Pa. 2003) (citing Bauer, 325 F.3d 155; Edes v. Verizon Commc'ns, Inc., 288 F. Supp. 2d 55 (D. Mass. 2003); Williams v. Am. Int'l Group, Inc., Civ. A. No. 01-9673, 2002 WL 31115184 (S.D.N.Y. Sept.23, 2002). Further, employers "need not include in its pension plans all employees who meet the test of common law employees." Bauer, 325 F.3d at 165 (quoting Bronk v. Mountain States Tel. & Tel., Inc.,

140 F.3d 1335, 1338 (10th Cir. 1998). Employers are free to "limit plan participation to certain groups or classifications of employees, as long as that limitation [is] not based upon age or service." Bauer, 325 F.3d at 166. In fact, the Third Circuit has made clear that even seemingly arbitrary exclusions are legitimate, stating that "an employer could even exclude all persons whose names begin with the letter 'H,' as long as this was not deemed to be discriminatory in application." Id. at 166 n.20. In this case, Plaintiffs do not state anywhere in their complaint that Defendants' classification of them was discriminatory or based upon age or service. Thus, this classification is entirely permissible pursuant to ERISA.

Rather than point to a specific ERISA "contrary directive," Plaintiffs broadly contend that the Plan documents should not be enforced because Defendants' definition of "independent contractor" constitutes an abuse of discretion, arguing that it "grossly deviates from an accepted meaning" of that term. Pl.'s Opp'n Br. at 15 (citing Hensley v. Northwest Permanente P.C. Ret. Plan & Trust, 258 F.3d 986 (9th Cir. 2001). Specifically, Plaintiffs argue that Defendants cannot simultaneously classify Plaintiffs as "common-law employees" for purposes of the first Bauer requirement and as "independent contractors" for purposes of the second Bauer requirement. Plaintiffs rely heavily on Burrey v. Pacific Gas and Electric Co., to support this position.. 159 F.3d 388 (9th Cir. 1998). However, Plaintiffs disregard Wolf v. Coca-Cola Co., in which the Ninth Circuit narrowed the holding of Burrey, stating that the earlier decision "simply clarif[ies] that if *the plan* makes all common law employees eligible, then meeting the first prong will satisfy the second prong." 200 F.3d at 1341 (emphasis in original). Further, the Wolf court emphasized that the second prong requires analysis of a plan's terms because "companies are not required by ERISA to make

8

their ERISA plans available to all common law employees." Id. at 1340 (citing Abraham v. Exxon Corp., 85 F.3d 1126 (5th Cir. 1996); Bronk, 140 F.3d 1335.

This Court agrees with the Wolf court's conclusion that the second Bauer prong is not automatically satisfied by Defendants' concession that Plaintiffs qualify as common law employees. Additionally, unlike the plan documents in Burrey, the plan documents in this case nowhere state that *all* common law employees are eligible for benefits. Even if this Court were to follow the Burrey decision, there is no reason to find that the second Bauer prong is automatically met due to any language contained in the plan documents. Instead, the plan documents in this case clearly exclude independent contractors from the definition of employee, even those independent contractors who may be determined to be a common law employee by the Internal Revenue Service, other governmental agency or court. See Def.'s Ex. C at 4. Defendants clearly preserved their right under ERISA to exclude from eligibility individuals classified as independent contractors, even those who might otherwise qualify as common law employees.

Plaintiffs' additional argument that Defendants' definition of "independent contractor" is arbitrary and capricious is unpersuasive. Specifically, Plaintiffs ask this Court to disregard the clear language in the plans' definition of "Eligible Employee" which excludes independent contractors from receiving benefits. Plaintiffs argue that in every other respect they are qualified to receive benefits because they are (i) individuals; (ii) who are employees of the company or a participating affiliate; and (iii) who are receiving remuneration for personal services rendered to the Company. While it may be true that Plaintiffs satisfy these criteria, it is also true that Plaintiffs concede that Defendants classified

9

them as independent contractors. Central to Plaintiffs' complaint is the allegation that Defendants have wrongly classified them; however, Defendants are free to make such classifications under ERISA. This Court must enforce the plans' clear language excluding independent contractors, such as Plaintiffs, from eligibility for benefits because there is no indication that this exclusion was arbitrary or capricious.

Plaintiffs also fail to persuade this Court that they have standing pursuant to claims brought under ERISA's "anti-cutback"rule, Section 204(g), 29 U.S.C. § 1054(g). As an initial matter, Plaintiffs cite the anti-cutback rule as a source of relief for their first time in their brief - there are no claims asserted under Section 204(g) in the Complaint. The reason for this is apparent: the anti-cutback rule applies only to plan amendments that reduce accrued benefits. See Gillis v. Hoechst Celanese Corp., 4 F.3d 1137, 1150 (3d Cir. 1993); Dooley v. Am. Airlines, Inc., 797 F.2d 1447, 1451 (7th Cir. 1986). The anti-cutback rule is clearly inapplicable in this case because Plaintiffs are not claiming injury due to any plan amendments, but rather they seek relief due to Defendants alleged misclassification of them as independent contractors. Claiming relief pursuant to the anti-cutback rule does not vest Plaintiffs with standing to bring these claims because, since they have always been classified as independent contractors, they have never been eligible plan participants and as such cannot seek relief under any section of ERISA.

The Third Circuit has made clear that a plaintiff must satisfy two requirements to establish participant status and have standing to bring a cause of action pursuant to ERISA. Bauer, 325 F.3d at 160. To be eligible as a plan participant pursuant to ERISA, an employee must be a common law employee *and* qualify "under the terms of the plan itself." Id. To

presume that the second prong is satisfied simply because Defendants do not contest the first prong would be to improperly conflate the two requirements set forth in Bauer into a single requirement. Thus, even if Plaintiffs were common law employees of PSEG, "it is the language of the Plan, not common law status, that controls." Kolling v. Am. Power Conversion Corp., 347 F.3d 11, 14 (1st Cir. 2003). Defendants, through clear language in the plan, preserved their right to exclude individuals classified as independent contractors, even if those individuals would normally qualify as common law employees. This Court will enforce the plan terms as written and find that all employees classified as independent contractors are ineligible to state a claim under ERISA, thereby lacking standing to bring this action. This Court has no jurisdiction to adjudicate the claims of individuals who lack standing to bring the ERISA claims raised in the Complaint.

## IV. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendant's motion to dismiss is **granted**. An appropriate Order accompanies this Opinion.

          S/ Dennis M. Cavanaugh
          Dennis M. Cavanaugh, U.S.D.J.

Date:        December __4__, 2006
Orig.:        Clerk
cc:          Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File