NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL D. MARTIN, SUNDER MALKANI, VINOD P. PATEL, AND OTHERS SIMILARLY SITUATED, : : : : Plaintiffs, : : v. : : PUBLIC SERVICE ELECTRIC & GAS CO., INC., EMPLOYEE BENEFITS COMMITTEE OF PUBLIC SERVICE ENTERPRISE GROUP, INC., ABC CORPORATIONS 1-30 (FICTITIOUS CORPORATE DEFENDANTS) : : : : : : : : Defendants. : | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 05-5801 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiffs Michael D. Martin, Sunder Malkani, Vinod P. Patel, *et al*. for Reconsideration of this Court's December 4, 2006 Opinion and Order and for Leave to Amend the Complaint. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Civil Rule 7.1(i), no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiffs' Motion for Reconsideration and for Leave to Amend the Complaint is **denied**.

**I.    BACKGROUND**

This putative class action was brought on behalf of individuals who performed work for Defendants in varying capacities. Plaintiffs seek relief pursuant to the Employee Retirement Income Security Act ("ERISA"), claiming they were allegedly misclassified as "independent contractors,"

rendering them ineligible to receive benefits. On December 4, 2006 this Court issued an Opinion and Order dismissing Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). It was the finding of this Court that Plaintiffs' lacked standing to bring claims under ERISA and, as such, this Court lacked jurisdiction to adjudicate Plaintiffs' claims. On December 18, 2006, Plaintiffs moved for reconsideration of this Court's December 4 decision and also asked the Court for leave to amend the Complaint in order to add an "anti-cutback" claim pursuant to ERISA Section 204(g), 29 U.S.C. § 1054(g).

**II.    DISCUSSION**

    **A.    Motion for Reconsideration**

Motions for reconsideration in this District are governed by Local Civil Rule 7.1(g). See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A motion pursuant to Local Rule 7.1(g) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

    **B.    Leave to Amend**

Leave to amend a pleading pursuant to Federal Rule of Civil Procedure 15 should be freely given so that "a particular claim will be decided on its merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 424, 487 (3d Cir. 1990). However, such leave to amend should not be freely given if there has been any "undue delay, bad faith or dilatory motive on the part of the movant." Foman v. Davis, 371 U.S. 178, 182 (1960).

**III.   ANALYSIS**

    **A.   "Anti-Cutback" Claims**

In this case, there has been no change in the controlling law and Plaintiffs present no evidence that was previously unavailable. Thus, Plaintiffs' motion for reconsideration may only be granted if this Court committed a clear error of law or to prevent manifest injustice. Plaintiffs argue that this Court should reverse its previous decision because the Court failed to consider eligibility language in earlier plans that did not exclude independent contractors or contain a disclaimer. Pl.'s Br. at 3. Plaintiffs' request that the Court reconsider its claims in light of these earlier plan documents relates to the relief they now seek pursuant to ERISA's "anti-cutback" rule.[1] Specifically, Plaintiffs claim that they were eligible for benefits under earlier plan documents and that Defendants violated ERISA's "anti-cutback" rule by subsequently eliminating Plaintiffs' eligibility for benefits in later plan documents. On this ground, Plaintiffs' argue reconsideration is necessary in order to prevent "manifest injustice."

Contrary to Plaintiffs' argument, the "anti-cutback" rule is clearly inapplicable in this case because Plaintiffs are not claiming injury due to any plan amendments, but rather they seek relief due to Defendants alleged misclassification of them as independent contractors. Plaintiffs' own concession that PSEG has consistently characterized them as independent contractors defeats any "anti-cutback" rule claims. As this Court previously noted, the "anti-cutback" rule does not vest Plaintiffs with standing to bring these claims because, since they have always been classified as independent contractors, they have never been eligible plan participants and as such cannot seek

---

[1] As noted in this Court's previous Opinion, Plaintiffs cited the "anti-cutback" rule as a source of relief for their first time in their brief filed in opposition to Defendants' motion to dismiss - there are no claims asserted under Section 204(g) in the Complaint.

relief under any section of ERISA.

### B. Delay in Motion to Amend

Plaintiffs claim that the Complaint did not contain any "anti-cutback" claims because Plaintiffs did not have access to "all of PSEG's ERISA plan documentation" at the time the Complaint was filed. Pl.'s Br. at 15 (emphasis in original). Even if this is a reasonable excuse for failing to assert "anti-cutback" claims in the original Complaint, there is no excuse for Plaintiffs' failure to seek leave to amend the Complaint prior to this time. Plaintiffs have had access to all of PSEG's plan documentation since March 2, 2006, when PSEG moved to dismiss. This Court will not grant Plaintiffs leave to amend their Complaint in light of this "undue delay." Foman, 371 U.S. at 182.

### IV. CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiffs' Motion for Reconsideration and for Leave to Amend the Complaint is **denied**. An appropriate Order accompanies this Opinion.

        S/ Dennis M. Cavanaugh
      Dennis M. Cavanaugh, U.S.D.J.

Date:        January  9 , 2007
Orig.:       Clerk
cc:        Counsel of Record
          The Honorable Mark Falk, U.S.M.J.
          File